(May 21, 1991)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY BROWN, Appellant.—Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered April 12, 1989, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first degree, and sentencing him, as a second violent felony offender, to consecutive indefinite prison terms of 25 years to life and 6 to 12 years, respectively, unanimously affirmed.

On September 26, 1987, defendant and an accomplice, both armed with guns, forcefully robbed Caris Townes in a basement apartment, where marijuana was often sold. The next evening, defendant knocked on the basement door and an-

nounced his presence. After waiting a moment, defendant fired a shot into the door at chest level. After another pause, defendant fired again. As a result, Hector Roman was killed.

Defendant asserts that his guilt of second degree murder, on a theory of depraved indifference to human life (Penal Law § 125.25 [2]), was not proven beyond a reasonable doubt, and that the conviction should consequently be reduced to manslaughter in the second degree, because the People failed to demonstrate that defendant knew anyone was inside the apartment when he shot through the door. There was no need for the People to prove that defendant knew someone was inside the apartment when defendant fired into it. The People only had to prove that when defendant fired into the apartment and killed Hector Roman, he was aware of, and consciously disregarded, the grave risk of killing another person. *(See, People v Register,* 60 NY2d 270, 274, *cert denied* 466 US 953.)

We find no abuse of discretion or impropriety in the sentence imposed. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Rubin, JJ.